Good morning, Your Honors. May it please the Court. As the Court has already mentioned, my name is James Becker. I represent the appellant, Paul Winnick. I am a member of the Federal Defender's Office here in the District of Minnesota, and I represented Mr. Winnick on his district court case, and this appeal was subsequently filed. In the briefing we've provided the Court already, we identified four grounds for appeal. I apologize. It's my intention today to use our limited time to talk exclusively about one of those issues, that being the first one noted in our appellate briefing regarding the proper application of Federal Sentencing Guidelines, Section 5GB 1.3b. The remaining three issues dealing with another guideline provision as well as the procedural and substantive reasonableness of the actual sentence imposed I believe have been fully briefed, and the Court can make a decision on those based upon the written submissions. With respect to the issue at hand today, I think that there is generally some agreement regarding the standard of review, first of all, that this should be a de novo review. However, the government in its briefing I suggested that although a de novo review is the proper standard of review when assessing whether or not a guideline provision is being properly applied, again, suggested that there may be a plain error review if the dispute is about which guideline provision to apply in the first instance, and I don't believe that that's the situation we're in, and I'll Very quickly, a couple of key facts that are important to resolve this dispute. My client, Mr. Winnick, was arrested by state authorities on approximately May 7, 2015, and was sentenced in state court on January 26, 2016. The relevant prior conviction that's at issue today was for a state conviction resulting in a 100-month sentence. The 100 different counts amalgamated together. Mr. Winnick was then federally indicted on November 21, 2017. It's important to note that when he was federally indicted, he was serving that 100-month sentence. Therefore, he was in primary state custody, and he was written out of primary state custody in order to answer to the federal indictment. And he had been held for 36 months at that one, or how many months? The 36-month figure and some days, I believe 13 days, those calculations were made at the time that the federal sentence was imposed. So, the amount of time that elapsed by the time of the federal indictment was shorter by approximately 12 months. Okay. So, right, as we just mentioned, he was sentenced in federal court, 36 months, 13 days subsequent to the time that he began his state custody on the earlier related case. Counsel, in that regard, is there a case law supporting the position that the entire 36 months must be included in the adjustment under 5G1.3b? All the case law that I have seen regarding this specific guideline provision, I have not seen a case that suggests that the district court has the authority to parse shorter segments of a previously imposed state sentence. The only occasion where I've seen that in case law is when we're talking about a different subsection of that guideline provision when it's essentially a prior sentence that the appellant is already serving, but for an unrelated conviction. And therefore, there can be some mechanics there as to the extent of time which that person may, the district court may afford them some relief. Well, you'd have to be in D, right, for that to happen? Because the way I read it is B says the word shall adjust the sentence, so it seems to be mandatory, whereas D is very permissive. That gets to the heart of the matter, Your Honor. When we're talking about the specific subdivision B, it is pretty unambiguous in my opinion. And all the case law that I've seen, including that cited by the government, doesn't seem to disturb the mechanics related to what is to be deducted from the federal sentence in order to account for that previously imposed sentence. The only real controversy that I've seen has to do with whether or not the final sentence imposed by the district court may take into account other factors that might not reflect a simple deduction from a guideline-range sentence. But that only goes so far because we have to look at relevant conduct here. And so when I read through the materials, even if there's 36 months here, my notes suggest that 15 months of those overlap with non-relevant conduct, so that the most the reduction could possibly be, would be 21 months. What's your response to that? I believe, Your Honor, that this goes to—and candidly, I believe this may be where the district court was confused as well. There were two previously imposed sentences related to the same—roughly the same timeframe stemming from an arrest on the same date and resulting in a sentencing that all occurred on the same date as well. However, what I would point to is the pre-sentence investigation report that was prepared in this matter and is part of the record here, whereby it specifically identified one of those convictions as being relevant conduct and specifically disavowed a second conviction that was handled at the same time as being relevant conduct. One of the ways that that made a difference at the district court level was that one then accrued criminal history points and one didn't. But for our purposes today, I think what's important is that, one, the PSR was adopted without disturbing any of these recommendations. There were no objections by the government and the court adopted the PSR factually and legally in full relevant to this issue. Secondly, the PSR specifically identified this guideline provision as being applicable. And then thirdly, when we—I guess thirdly and fourthly, thirdly would be looking at the transcript from the sentencing hearing. The discussion is exclusively about—is not about which counts apply, which counts don't apply. There was just no controversy about that at the district court level. It was—it should have been simply that in the specific case number that we were referring to, and that was a state case number 9038, resulting in that 100-month sentence, that the court—the district court, I believe, misapplied 5G 1.3b by only looking at the time that had elapsed since the federal indictment issued. Well, I—you know, I don't know that I disagree with that. I'm just trying to figure out, you know, if we're writing the opinion—suppose we adopt your position, and that's for the court to decide, do we send it back down and say the most you could do it is 21 months or do we send it back down and say, you got to figure out what the relevant and non-relevant conduct is and do this again, pointing out that error? What's the right answer in your view? Thank you, Your Honor. I would suggest to the court that the former would be the more opportunity to have an evidentiary hearing or otherwise contest what was relevant conduct or what was not. Again, I would point to the pre-sentence investigation report that delineated those distinctions, recognized that there was a distinction, and those recommendations were adopted by the courts and without objection from the government. So I believe the government's already had its opportunity to— Well, the government's had its opportunity, but the district court may have not been clear in its expression of what it intended, and perhaps remand for clarification wouldn't be such a bad idea. I would leave that to the court to ultimately opine. I guess I was responding to Your Honor based upon his question because, again, none of these things were in controversy at the time. Because the guideline section was identified in the pre-sentence investigation report, the government was on notice that it could potentially challenge what would be considered relevant conduct or not. The court never suggested during the sentencing hearing that there was a controversy about this, and therefore, since the court has adopted the PSR, I believe that's a relatively moot point at this time, Your Honor. I only have a couple seconds left. I'll reserve that for rebuttal. Thank you. All right. Thank you, Mr. Becker. Ms. Ducey? May it please the Court, Moran Ducey, on behalf of the United States. I was also the Assistant United States Attorney before the district court in this case. I'd also like to focus my time today on Mr. Winnick's arguments with respect to 5G 1.3 in this case, and I would second, that the district court properly exercised the authority afforded to it under that subsection, and third, why that means that ultimately there's no error here and that the court should affirm the judgment below. You know, oh, go ahead. You said that the district court applied 3D? Yes, Your Honor. In substance, I believe the district court applied. But the court said it was applying 3B. That's correct, Your Honor, and I think it helps to have the factual context in mind when considering... Well, shouldn't we have the district court tell us what it really meant? I think the court can tell from the sentencing transcript what the district court intended to do. The parties requested clarification from the court after it initially pronounced that it was applying subsection B. Both parties requested that clarification, and the district court specified, I do not intend to do what Mr. Winnick's requesting. What I intend to do is credit only the period of time from his federal arrest onward. And so that's precisely the authority afforded to the district court in a case like this. Do you agree, though, that... And the chief asked the question that I was going to ask, but further, do you agree that on B, if the district court proceeded under B, it didn't do the calculation right? In other words, you know, the first part of it says the court shall adjust the sentence, and then you do things later on in that provision. I mean, would you agree that if we're relying on B, the district court erred? Yes, Your Honor. Okay, so your argument is solely about D, then? Yes, Your Honor, and D clearly applies in this case because there are no disputes between the parties as to what sentences would apply. I would just note for the court that Mr. Winnick's argument depends on a major assumption in this case, that we know how his multiple undischarged sentences apply in this case. We do not, contrary to Mr. Winnick's argument, know what sentences he was serving when. He was subject to three undischarged sentences, only one of which constituted relevant conduct. That is abundantly clear on the record. There's no dispute between the parties that that's the case, and that's equally clear that the guidelines therefore intend that subsection D and not subsection B would apply. So the only ambiguity in this case, Your Honors, is unfortunately a somewhat murky record as to which subsection the district court explicitly provided, but her ultimate intent was fairly clear. She knew exactly what she wanted to achieve, what term of imprisonment she wanted to impose, and then took that, took those steps necessary to do so, and that was precisely the authority afforded to her under subsection D. I agree that this is hyper-technical stuff, and it took me a little while to get my arms around it, and I agree that the district court could have done what it actually did under D. The problem I have is what the Chief is coming up with, which is if we don't really know if the district court's saying B, but it was really proceeding under D, it's error if it was proceeding under B. It's not error if it's proceeding under D. Sounds to me like we have to remand and send this back down for at least the district court to clarify which option it was choosing. I think Your Honors' point is well taken. However, I think it is well within this court's discretion to affirm on any basis in the record, and here to remand for the court to apply B as Mr. Winnick is requesting relief would actually be to enforce error that the court avoided committing in the district court previously. So here, there's basis in the record. It's clear that D should apply, and the district court did exactly what it was able to do by imposing a certain term of imprisonment. So I suspect that Your Honors would be able to exercise the necessary discretion and not have to remand in this case. I did want to address one other statement that counsel made both in the brief and today that I think gives the court a misimpression of the district court's process here. When the court, as evidenced in the sentencing transcript, when the court adopted information from the PSR, it did so with respect to the facts as alleged in the PSR. That's common practice for sentencing courts, and she did so explicitly here. She did not wholesale and unblinkingly adopt all legal determinations made by the PSR. That's evident. She went through the PSR, adopted the facts that were undisputed between the parties, and then exercised her own discretion as afforded to her in this case. I would also note for Your Honors that the entirety of Mr. Winnick's argument relies on this lead case theory, which is wholly unsupported by the record. I would point the court to two exhibits that were before the district court that directly contradicts Mr. Winnick's argument. So first, the Exhibit 23, which was the plea transcript from the state sentencing, as well as Exhibit 25, which was the sentencing transcript from the state sentencing. In both of those transcripts, Your Honor, it's reflected that the lead case, if there is such a thing, was actually Case 9944. That's the case that the sentencing court at the state level used as the point of departure, and from there went on to impose the sentences in the other undischarged cases. So I would note to the court, it is Mr. Winnick's burden to make the showing of which subsection we're supposed to be under here, B or D. He has failed to establish a necessary record in order to justify sentencing under subsection B. And instead, it's wholly consistent with the outcome in this case that we apply subsection D and reach the conclusion that the district court, albeit perhaps not as artfully as one might have hoped, ultimately reached in this case. Unless there are further questions, I will submit on the briefs and request that the court affirm the judgment below. Thank you, Your Honors. Mr. Becker, you used about all your time, but we'll give you a full minute in the bottom. I appreciate that, Your Honor. I don't think I'll need it. But just to put a finer point on what the district court intended, we've talked about the pre-sentence investigation, we've talked about the transcript of the hearing itself. I think we also need to incorporate the official document that lays out the court's thinking in sentencing, which is the Statement of Reasons. And in the Statement of Reasons in Part VIII, the court specifically identifies USSG Section 5G 1.3B as the basis for making this modification to the sentence. Therefore, I think it's clear that that section was misapplied. Thank you, Your Honors. Thank you, Mr. Becker. Thank you also, Ms. Dooley. We appreciate both counsel and your submitted to decide this case. We'll take it under advisement. You may be excused. Madam Clerk, does that conclude the business for this panel today? Yes, Your Honor. That being the case, we'll be in recess.